

**U.S. Department of Homeland Security**
*101 West Congress Parkway*
*Chicago, Illinois 60605*

**U.S. Citizenship and Immigration Services**

1 4 JUL 2008

Joyce Budnick
208 Shorewood Unit 1C
Glendale Heights, Illinois  60139

Cc:   Y. Judd Azulay
      AzulaySeiden Law Group
      205 N. Michigan Avenue, 40th Floor
      Chicago, Illinois  60601

RE: A 095 925 908

### NOTICE OF DECISION TO DENY PETITION FOR ALIEN RELATIVE

Ms. Budnick:

On March 3, 2003, you filed a Petition for Alien Relative seeking immediate relative classification for Mohamed Hasbou as the spouse of a United States Citizen pursuant to Section 201(b) of the Immigration and Nationality Act. Upon consideration, the United States Citizenship and Immigration Services (USCIS) have denied the petition for the following reason(s):

**Title 8 CFR Section 103.2 (b)(16)(i) states:**

> *"(b) Evidence and Processing- (16) Inspection of evidence. An applicant or petitioner shall be permitted to inspect the record of proceeding, which constitutes the basis for the decision, except as provided in the following paragraphs. (i) Derogatory information unknown to petitioner or applicant. If the decision will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered, except as provided in paragraphs (b)(16)(ii), (iii), and (iv) of this section. Any explanation, rebuttal, or information presented by or in behalf of the applicant or petitioner shall be included in the record of proceeding".*

In visa petition proceedings, the burden is on the petitioner to establish eligibility for the benefits sought. Matter of Brantigan, 11 I&N Dec.493 (BIA 1966). The burden on the petitioner in visa petition proceedings is usually that of a preponderance of evidence, Matter of Soo Hoo, I&N Dec.151 (BIA 1965).

On June 10, 2008, the USCIS sent you a Notice of Intent to Deny the Petition for Alien Relative. In this Intent to deny, you were afforded 30 days to provide information to rebut the allegations of the USCIS. You responded to the Notice of Intent to Deny the Petition for Alien Relative on July 10, 2008. In your response you sent a great quantity of paperwork including: photographs, copies of bonds, affadavits from yourself and your spouse, copies of correspondence from the Internal Revenue Service dated May 31, 2005 to the address 3406 N. Central Park, Chicago, Illinois when you allegedly lived with your husband at 208 Shorewood, Glendale Heights, Illinois, a copy of a voided check dated June or July 6, 2003, copy of a mailing from ABN-Amro dated 4/27/04 to yourself at the address 3406 N. Central Park Ave., Chicago, IL, mailings, a home transportation request for Mohamed Hasbou dated 12/19/03 to the address 3406 N. Center Park Ave. from Stroger Hospital, correspondence from your condominium association indicating yourself, your spouse and an "unknown occupant" in the unit, and a copy of a birth certificate of your spouse's nephew dated March 25, 2008 to support your petition for alien relative. USCIS has considered all of the evidence which you provided however, the charges and determinations in the Notice of Intent to Deny have not been overcome. You failed to respond to the key allegations of the USCIS which are the basis for the denial of your petition. The Notice of Intent to Deny denotes all allegations and findings of the USCIS including the following:

1. You and your spouse do not currently reside together and have not established that you have resided together.
2. You claimed that your spouse does not receive mail at your condominium since your mailbox was broken into; yet, you have not provided a police report or a statement from your condominium association to support the fact which you claim (to have reported this incident to both). Your mailbox has only your name on it (as of the date of the visit by a USCIS officer), not that of your spouse. Public records indicate that all bills for this address' utilities are solely in your name, and you receive them at this address in Glendale Heights.
3. You could not provide your husband's cell phone number when the USCIS officer visited you.
4. You claim that you are now living with Mr. William "Jerry" Jackson at this address. Public records confirm Mr. Jackson has been using this address since at least March 2007.

The Notice of Intent to Deny contains further allegations to which you have responded with explanations which are not plausible. Additionally, you claim to be trying to get your marriage back together however you have not provided any proof of marriage counseling or advising that you and your spouse are seeking to repair your marriage.

You failed to address core reasons which USCIS discovered which cast credible doubt on the validity of your relationship. Your explanations have not overcome the allegations of the USCIS in the Notice of Intent to Deny the Petition for Alien Relative. Thus, USCIS has denied this petition with a finding of fraud: to wit, you entered into marriage with the beneficiary for the sole purpose of Mr. Mohamed Hasbou's evading the immigration laws in order to gain an immigration benefit.

The central question is whether the bride and groom intended to establish a life together at the time they were married. See, e.g., Bu Roe v. INS, 771 F.2d 1328 (9th Cir. 1985); Bark v. INS, 511 F.2d 1200 (9th Cir. 1975); Matter of Soriano, 19 I&N Dec. 764(BIA 1988); Matter of Laureano, 19 I&N Dec.1 (BIA 1983); Matter of McKee, 7 I&N Dec. 332 (BIA 1988). In

determining whether a marriage is a sham or fraudulent for immigration purposes, the conduct of the parties before and after the marriage is relevant to their intent at the time of marriage. Lutwak v. U.S., 344 U.S. 604 (1953); Garcia-Jaramillo v. INS, 604 F2d 1236 (9th Cir. 1979), cert. denied, 449 U.S. 828 (1980); Bark v. INS, supra; see Matter of Soriano, supra. Evidence to establish intent may take many forms, including, but not limited to, proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts, and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences, Matter of Laureano, supra Matter of Phillips, 15 I&N Dec.385 (BIA 1975).

Without preponderance of evidence, it is the determination of the USCIS that you failed to prove that the marriage was entered in good faith.

If you desire to appeal this decision, you may do so. Your notice of appeal must be filed within 30 days from the date of this notice. If no appeal is filed within the time allowed, this decision is final. Appeal in your case may be made to this office on the form EOIR-29. Instructions have been enclosed with this decision.

Sincerely,

*[signature]*

Ruth A. Dorochoff
District Director

U.S. Department of Homeland Security
101 West Congress Parkway
Chicago, Illinois 6060



U.S. Citizenship
and Immigration
Services

1 4 JUL 2008

Mohamed Hasbou
6301 Martin Drive
Willowbrook, Illinois 60527

Cc:   Y. Judd Azulay
      AzulaySeiden Law Group
      205 N. Michigan Avenue, 40th Floor
      Chicago, Illinois 60601

RE:   A 095 925 908

**DECISION ON APPLICATION FOR ADJUSTMENT FOR PERMANENT RESIDENCE**

Dear Mr. Hasbou:

Upon consideration, it is ordered that your application for adjustment of status to a permanent resident of the United States (Form I-485) filed on March 3, 2003, be denied for the following reason(s):

On March 3, 2003, you submitted an application for adjustment of status to that of permanent resident concurrently with an unadjudicated immigrant visa petition that classified you under Section 201(b)(2)(A)(i) of the Immigration and Nationality Act("the Act") as the spouse of a United States Citizen.

Section 245(a)(3) of the Act requires an immigrant visa be immediately available to the applicant at the time his or her application for adjustment of status is filed.

The petition for alien relative submitted on your behalf has been denied. A determination of marriage fraud was found in the petition filed on your behalf by your spouse, Joyce Budnick. The United States Citizenship and Immigration Services (USCIS) have established that you entered into this marriage for the sole purpose of obtaining an immigration benefit. Therefore, your application for adjustment of status to that of permanent resident under Section 245 of the Immigration and Nationality Act is denied.

8 CFR § 274a.12(c)(9) allows an alien who has filed an application for adjustment of status to lawful permanent resident pursuant to Section 245 of the Act to obtain employment authorization during the period the application is pending. However, you are no longer eligible for